UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LESLIE MARKS, Plaintiff<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.*<br><br>Debtors. | ) CHAPTER 11<br>)<br>) ADVERSARY PROCEEDING<br>)  CASE NO.:<br>)<br>)<br>) CASE NO. . 07-104-16 KJC, and Related<br>) Actions, Jointly Administered<br>)<br>) RELATED CASES:<br>)  USDC NDC Case No:  C06-06806 SI and<br>) C07-2133 SI<br>)<br>) VERIFIED COMPLAINT FOR<br>) DAMAGES, FRAUDULENT<br>) CONVEYANCE, VIOLATION OF<br>) BANKRUPTCY LAW, FRAUDULENT<br>) MISREPRESENTATION AND<br>) NEGLIGENCE, VIOLATION OF THE<br>) FAIR CREDIT REPORTING ACT, TILA,<br>) RESPA AND QUIET TITLE<br>)<br>) Original Complaint filed In<br>) State Court July 28, 2006 |

LESLIE BARNES MARKS, in Pro Se, (hereinafter "Marks") files this Complaint against the defendants New Century Mortgage Corporation, and Home 123 and any known or unknown dba used by New Century Mortgage Corporation and Home 123 (collectively, Defendants) and alleges the following:.

1. Plaintiff, Marks has filed a claim in the related Bankruptcy Court in Delaware against Defendants (See Proof of Claim No. 269 and any other related claims). Plaintiff Marks

-1-
COMPLAINT

has filed other pleadings in this matter relating to allegations set forth herein.

2. Defendants have wrongfully transferred Plaintiff's property to OCWEN and DB STRUCTURING one day before filing their bankruptcy action in violation of Bankruptcy Code Sections 11 U.S.C. Section 101(31), 101(54), 547 and 548.

3. Under Bankruptcy Code Sections 11 U.S.C. Section 101(31), 101(54), 547 and 548, Debtors could not transfer property/assets within 90 days prior to filing Chapter 11.

4. Defendants further violated RESPA by failing to provide Plaintiff with the RESPA required 15 day notice prior to transfer. Furthermore, while represented by Counsel in the above-referenced Federal court matter, Defendants transferred Marks' property to OCWEN without going through their then counsel of record, Brian Gunn of the law firm of Wolfe & Wyman.

5. Additionally, Plaintiff's mortgage loan (provided by New Century Mortgage Corporation and procured by its representative Tom Chicoine who was the then manager of the Home 123 Emeryville, CA office) was in active and current legal dispute prior to the illegal transfer and prior to the federal investigation in the related actions referenced above. Debtors have been in litigation with Plaintiff since on or about June 2006, more than enough time for Debtors to have LEGALLY transferred her property, if Debtors chose to act within the law. Defendants have violated 11 U.S.C. sections 101(31), 101(54), 547 and 548. Defendants have cost Plaintiff emotional distress, financial ruin and devastation in this matter by their egregious acts. Defendants are guilty of fraud, violations of RESPA and TILA and Bankruptcy code violations. Plaintiff begs this Court for justice.

## JURISDICTION AND VENUE

6. Plaintiff is and at all time mentioned herein, is an individual residing in the County of Alameda and the owner of certain real property commonly known as 3099 Suter Street, Oakland, CA.

7. The transaction took place in this jurisdiction and this Court is the proper venue for this matter.

## PARTIES

8. Defendants NEW CENTURY and HOME 123, wrongfully and illegally transferred New Century Loan Number 1006788513 from New Century Corporation on or about March 27, 2007, while the loan was in dispute, in litigation and in default under the related action United States District Court Case No. 06-06806-SI. Hereinafter (OCWEN LOAN NO. 80590441). Plaintiff received the invalid Notice of Transfer of the Loan on April 2, 2007, the same date that New Century filed for Chapter 11 Bankruptcy.

9. DB STRUCTURED PRODUCTS, INC. has been identified as "creditor" in the New Century Bankruptcy action regarding commercial real estate properties, not residential real estate. As such, DB seeks to be unjustly enriched by "acquiring" Plaintiff's mortgage while in litigation and in default. Defendant DB could not, in good faith, expect Plaintiff to make reasonable payments for at least two years without qualifying her for a loan through the normal course of business. DB also has a complaint filed against New Century in this Court.

10. OCWEN FINANCIAL CORPORATION and DB STRUCTURED PRODUCTS, INC, are referred to herein as "OCWEN" and "DB".

## BACKGROUND

11. Defendants have wrongfully transferred Plaintiff's property to OCWEN and DB STRUCTURINE in violation of 11 U.S.C. Section 101(31), 101(54), 547 and 548.

12. This is an action under the Truth-in-Lending Act, 15 U.S.C. 1601 et, seq. This Court has jurisdiction under U.S.C. 1640 and 28 U.S.C. 1331, 1337 and 1367.

13. New Century Mortgage Corporation and Home 123 filed Bankruptcy proceedings on April 2, 2007 (United States District Court District of Delaware Case Nos. 07-104-16 KJC, 07-10419 KJC and 07-10421 KJC) staying actions against them in the related matter *Marks v. Chicoine, New Century and Home 123, et al.* United States District Court Case No. 06-6806 SI (hereinafter the "Related Action"). Plaintiff understands that New Century Mortgage and Home 123 are protected by the Chapter 11 automatic stay and refers to them as they relate to this matter. Plaintiff understands that no action can continue against New Century Mortgage and

-3-
COMPLAINT

Home 123 until the Chapter 11 Automatic Stay is lifted in the related bankruptcy actions.

14. Defendant OCWEN FINANCIAL CORPORATION and/or OCWEN LOAN SERVICING, LLC purchased the loan while the loan was in default and in litigation the subject matter of related case *Marks v Chicoine, New Century, et al.* filed in the Northern District of California case No. 06-06806 SI on or about March 27, 2007. New Century illegally transferred the loan without going through its counsel of record, prior to filing Chapter 11.

15. New Century Mortgage Corporation claimed in the Related Action that Home 123, NOT New Century Mortgage was the holder of Plaintiff's mortgage. This issue was not clarified or resolved prior to the Bankruptcy filing of New Century Mortgage and Home 123. Plaintiff and New Century, Home 123 nor Tom Chicoine were in settlement negotiations.

## FACTS

16. Defendants have wrongfully transferred Plaintiff's property to OCWEN and DB STRUCTURINE in violation of 11 U.S.C. Section 101(31), 101(54), 547 and 548.

17. This is an action under the Truth-in-Lending Act, 15 U.S.C. 1601 et, seq. This Court has jurisdiction under U.S.C. 1640 and 28 U.S.C. 1331, 1337 and 1367.

18. Plaintiff alleges that New Century and Home 123 were estopped from selling, transferring or conveying New Century Loan No. 1006788513 – now known as OCWEN Loan No. 80590441 as the loan was in dispute and in active litigation immediately prior to New Century Mortgage and Home 123's filing for Chapter 11 bankruptcy relief. Under Chapter 11, the debtor is not to transfer property for 90 days prior to filing Chapter 11.

19. Currently the NEW CENTURY LOAN and the OCWEN LOAN are reported as different loans on Plaintiff's credit report. There is same loan referenced by TWO numbers, thus it appears on Plaintiff's credit report that she is almost $1,000,000 in debt.

## BACKGROUND

20. New Century Mortgage Corporation and Home 123 filed Bankruptcy proceedings on April 2, 2007 (United States District Court District of Delaware Case Nos. 07-104-16 KJC, 07-10419 KJC and 07-10421 KJC) staying actions against them in the related matter *Marks v.*

-4-
COMPLAINT

*Chicoine, New Century and Home 123, et al.* United States District Court Case No. 06-6806 SI (hereinafter the "Related Action"). Plaintiff understands that New Century Mortgage and Home 123 are protected by the Chapter 11 automatic stay and refers to them as they relate to this matter. Plaintiff understands that no action can continue against New Century Mortgage and Home 123 until the Chapter 11 Automatic Stay is lifted in the related bankruptcy actions.

21. Defendant OCWEN FINANCIAL CORPORATION and/or OCWEN LOAN SERVICING, LLC purchased the loan while the loan was in default and in litigation the subject matter of related case *Marks v Chicoine, New Century, et al.* filed in the Northern District of California case No. 06-06806 SI on or about March 27, 2007. New Century illegally transferred the loan without going through its counsel of record, prior to filing Chapter 11.

22. New Century Mortgage Corporation claimed in the Related Action that Home 123, NOT New Century Mortgage was the holder of Plaintiff's mortgage. This issue was not clarified or resolved prior to the Bankrutpcy filing of New Century Mortgage and Home 123. Plaintiff and New Century, Home 123 nor Tom Chicoine were in settlement negotiations.

23. Plaintiff alleges that New Century and Home 123 were estopped from selling, transferring or conveying New Century Loan number 1006788513 – now known as OCWEN Loan No. 80590441 as the loan was in dispute and in active litigation immediately prior to New Century Mortgage and Home 123's filing for Chapter 11 bankruptcy relief. At that time, New Century Mortgage was also under federal investigation relating to the very same allegations Plaintiff alleges in the Complaint related to this matter which was originally filed in State Court on July 28, 2006 and removed to Federal Court on or about November 2006. Furthermore, under Chapter 11 of the Bankruptcy Code, New Century could not transfer assets 90 prior to filing Chapter 11. Plaintiff alleges DEFENDANTS reasonably should have known – regardless of who they acquired the loan from – subsequent transfer would be in violation of law. Especially, DB who has a complaint filed against New Century in the related litigation, specifying COMMERCIAL PROPERTY not RESIDENTIAL PROPERTY.

24. Plaintiff alleges that Defendants OCWEN and DB STRUCTURED PRODUCTS,

-5-
COMPLAINT

INC. knew should have known that the loan was in dispute and litigation. They acquired the loan without verifying Plaintiff's income, checking credit scores and confirming her ability to reasonably repay the loan for a minimum of 2 years. Subprime practices have resulting in this country going into rescission. Defendants boldy attempt to use these tactics in a Federal Court of Law.

25. In light of the federal investigation of New Century Mortgage Corporation, Plaintiff discovered that New Century Mortgage and Fremont "flipped" her property on paper on two separate refinancing events.

26. New Century illegally transferred the loan now known as OCWEN Loan No. 80590441 on March 27, 2007, while it was still represented by attorneys Wolfe and Wyman. New Century notice was sent directly to Plaintiff from New Century through OCWEN – then represented by counsel in the Related Action - and not through its then counsel of record in the Related Action.

27. New Century failed to give Plaintiff 15 days notice as required by RESPA. Since New Century had not filed Bankruptcy until April 2, 2007, New Century should have given Plaintiff the RESPA required 15 day notice. Defendant OCWEN was aware, or should have been aware that the 15 day requirement WAS NOT MET, as Defendant OCWEN forwarded the correspondence to Plaintiff in an envelope bearing its logo. See, Exhibit B attached hereto.

28. Less than 30 days from Cowan's questionable receipt of the loan from New Century, OCWEN transferred the loan to DB STRUCTURED PRODUCTS, INC., without settling any default with Plaintiff, without making any payment arrangements with Plaintiffs or even legally and properly assessing if the loan transfer is legal and valid in the first place. Most importantly, without giving Plaintiff 15 days notice of the transfer again in violation of RESPA.

29. Defendants violated Plaintiff's right under RESPA by failing to respond or reasonably address Plaintiffs' Qualified Written Request within 60 days the legal issues relating to OCWEN Loan No. 80590441.

30. Defendants illegally transferred the loan now know as OCWEN Loan No.

80590441 between themselves, without legally noticing Plaintiff in clear and bold violation of RESPA, TILA and other law.

31. Defendant is aware of RESPA requirements as they supplied the information relating to those requirements to Plaintiff. See, Exhibits A through F attached hereto.

32. In this matter, Plaintiff's cannot be restored to the prior lenders. Prior lender Fremont (from on or about November 2005 thru May 2006) was also under federal investigation and in bankruptcy and prior to the Fremont refinance, Plaintiff's mortgage was held by New Century or Home 123 (from on or about April or May 2005 thru April 2, 2007 – the alleged "effective date of transfer). New Century is currently in bankruptcy.

### FIRST CAUSE OF ACTION
### FRAUDULENT CONVEYANCE

33. Defendants have wrongfully transferred Plaintiff's property to OCWEN and DB STRUCTURING one day before filing their bankruptcy action in violation of Bankruptcy Code Sections 11 U.S.C. Section 101(31), 101(54), 547 and 548.

### SECOND CAUSE OF ACTION
### VIOLATON OF CHAPTER 11 OF THE BANKRUPTCY CODE

34. Defendants have wrongfully transferred Plaintiff's property to OCWEN and DB STRUCTURING one day before filing their bankruptcy action in violation of Bankruptcy Code Sections 11 U.S.C. Section 101(31), 101(54), 547 and 548.

### THIRD CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION AND NEGLIGENCE

Plaintiff incorporates by reference all of the preceding paragraphs as though set Forth fully herein.

35. Plaintiff alleges that Defendants violated RESPA on April 2, 2007 (the date she received notice of conveyance of OCWEN LOAN NO. 80590441 by not notifying Plaintiff of the ability New Century or Home 123 t to transfer her loan at any time as defined in U.S.C. section 2605 (a). As alleged in Plaintiff's complaint filed in Northern District of California Case

-7-
COMPLAINT

No. 06-06806, the Related Action, New Century never provided Plaintiff with copies of loan documents, falsified documents to approve the loan among other TILA, RESPA and Federal violations.

36. On or about April 6, 2007, OCWEN fraudulently transferred the OCWEN LOAN NO. 80590441 to DB STRUCTURED PRODUCTS, again without, 15 days prior notice in further violation of RESPA. Plaintiff alleges that no Defendant was interested in Plaintiff's ability to reasonable repay the loan, to attempt to resolve issues in dispute regarding OCWEN LOAN NO. 80590411 in violation of TILA.

37. Plaintiff alleges Defendants further violated RESPA by transferring a loan, on or about March 27, 2007, that was in litigation and not settlement had been reached or negotiated prior to the transfer of the New Century Loan No. 1006788513 to OCWEN FINANCIAL CORPORATION, which makes (OCWEN LOAN NO. 80590441) UNQUALIFIED for transfer under RESPA section 2605. As New Century Mortgage was NOT in bankruptcy on March 27, 2007, New Century failed to give Plaintiff the required 15 (fifteen) days notice. Plaintiff was entitled to this notice as New Century and Home 123 transferred New Century Loan No. 1006788513 a few days prior to filing Chapter 11, on April 2, 2006.

38. Plaintiff alleges that on or about March 27, 2007, OCWEN FINANCIAL CORPORATION known or should have knowing the status of New Century Loan No. 1006788513 prior to the transfer and chose to violate RESPA despite of that knowledge.

39. Defendant's fraudulent acts in cahoots with and enabled OCWEN to further violates RESPA by not providing Plaintiff with 15 days notice prior to its transfer of OCWEN Loan No. 80590441 to DB STRUCTURED PRODUCTS, INC., as clearly outlined in its March 27th correspondence. Plaintiff further alleges that Defendants violate Federal 9(b). Defendants clearly and boldly defy the law.

**FOURTH CAUSE OF ACTION**
**VIOLATION TRUTH-IN-LENDING ACT 15 U.S.C 1601 ET SEQ.**

40. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth fully herein.

-8-
COMPLAINT

41. Defendant are creditors as defined by the Federal Truth-in-Lending Act 15 U.S.C 1601 et seq. (hereinafter "TILA").

42. Plaintiff further alleges that Defendants clearly and boldly knew that the notice provided in their correspondence to Plaintiff, dated March 27, 2007 was improper as defined within that correspondence.

43. Since this matter was in litigation, New Century and Home 123's counsel of record should have served Plaintiff with any and all correspondence from their clients.

44. Defendants falsified Plaintiff's income, without her knowledge or permission to qualify her for a mortgage in excess of $500,000.

45. Defendants did not honor the terms of the loan as discussed, failed to provide Plaintiff with the Hud-1 form among other sub-prime lending violations.

46. Plaintiff alleges that a Defendants engaged unlawful, unfair or fraudulent business act and practice, by providing the March 27, 2007 correspondence which contained deceptive untrue or misleading information prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. Defendants, and each of them, illegally acquired a deed of trust, illegally attempted to mislead Plaintiff that they have some right or entitlement to the deed of trust, illegally again transferred the illegally obtained deed of trust with the clear intention to defraud Plaintiff and steal her property from her through foreclosure procedures, which Defendants are not entitled to initiate, participate in or conduct.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.**

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First, Second, Third, Fourth and Fifth Causes of Action as though fully set forth herein.

48. California law imposes on real estate agents, brokers and lenders, as fiduciaries, the same obligation of undivided service and loyalty as it imposes on a trustee in favor of a beneficiary.

49. Defendants knew their correspondence dated March 27th and April 2nd were

-9-
COMPLAINT

untimely and therefore, false. Defendants further violated California law and section 17200 by further transferring the loan known as OCWEN LOAN NO. 80590441, without proper notice to Plaintiff.

50. Plaintiff has suffered and is suffering and will continue to suffer injury and financial ruin as a direct and proximate result of Defendants deceptive acts as alleged above. Plaintiff is entitled under the Business and Professions Code Section 17200 to equitable remedy of restitution (i.e. disgorgement) of all money, property and benefits wrongfully obtained by Defendants (Plaintiff's Deed of Trust, etc.).

51. Plaintiff alleges that Defendants' conduct is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and requires this Court to weigh the utility of the Defendants' conduct against the gravity of the harm to Plaintiff.

52. Plaintiff has suffered and is suffering and will continue to suffer injury and financial ruin as a direct and proximate result of Defendants deceptive acts as alleged above. Plaintiff is entitled under the Business and Professions Code Section 17200 to equitable remedy of restitution (i.e. disgorgement) of all money, property and benefits wrongfully obtained by Defendants (Plaintiff's Deed of Trust, etc.).

53. Plaintiff brings this action as a private attorney general acting on Plaintiff's own behalf and similarly situated other persons pursuant to California Business and Professions Code §§ 17200, et seq. referred to as the Unfair Practices Act (herein after "UPA").

54. Plaintiff is acting in this capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on behalf of all persons as being affected thereby, including Plaintiff.

55. The foregoing acts and omissions of Defendants affect trade and commerce as that term is defined under the UPA.

56. The UPA defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violations of the UPA.

COMPLAINT

57. Beginning on the dates indicated and at all times relevant herein, Defendants and the DOE Defendants have committed acts of unfair competition proscribed by the UPA including the acts and practices against Plaintiff alleged herein.

58. Prior to the filing of the claims in this action, and continuing thereafter, Defendants have been systematically violating the provisions of the UPA, Civil Code sections 2924, et seq. and 2923.5, violating the contract between the parties, and inducing confusion and delay in providing loan modification and loan workout plan services through bad faith acts as alleged herein above.

59. These violations are, and were, a matter of the Defendants' standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

60. The business acts and practices of these Defendants, as herein above alleged, constitute "unlawful" business practices under UPA in that, for the reasons set forth above, said acts and practices violate the provisions of California Civil Code §§ 2924, et seq, California Civil Code §2923.5, the contract between the parties, and their fiduciary duties.

61. The business acts and practices of these Defendants, as herein above alleged, constitute "unfair" business practices under UPA in that said acts and practices offend public policy and are substantially injurious to Plaintiff and all consumers. Said acts and practices have no utility that outweighs their substantial harm to Plaintiff, to consumers, and potential homeowners.

62. In the course of the Transaction, Defendants made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide material information about the Transaction as set forth more fully above.

63. Specifically Defendants BANK and U.S. BANK, disregarded and circumvented the notice of sale provisions set forth in California law, lulled Plaintiff into extended and prolonged loan modification discussions and negotiation so that they could conclude a foreclosure sale of the Property without Plaintiff's discovery and knowledge, failed to

-11-
COMPLAINT

comply with the contract between the parties, and failed to comply with statutory and common law good faith and fair dealing requirements.

64. Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiff would rely thereon.

65. Said misrepresentations and failure to make accurate representations were material to the Transaction from origination to present.

66. Said misrepresentations and failure to make accurate representations were made with intent that they be relied upon.

67. Plaintiff did reasonably rely as specified in these factual allegations.

68. Plaintiff was thereby damaged and has a substantial ascertainable loss.

69. The business acts and practices of Defendants, as herein above alleged, constitute "fraudulent" business practices under the UPA in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

70. The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and the Plaintiff in that, on information and belief, Defendants and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

71. Pursuant to the UPA §17203, Plaintiff seeks an order that (1) enjoins Defendants from engaging in the acts and practices as herein above alleged, that (2) rescinds and/or reforms the contract between the parties, and that (3) requires Defendants to provide appropriate restitution to Plaintiff.

72. OCWEN and DB seek to become unjustly enriched at the expense of the Plaintiff, who therefore is entitled to equitable restitution and disgorgement of all profits realized by Defendants.

73. If it appears to the court upon any application for a temporary restraining order, or upon the hearing of any order to show cause why a preliminary injunction should not be issued, or upon the hearing of any motion for a preliminary injunction, or if the court shall find, in any such action, that any defendant therein is violating, or has violated, the Unfair Practices Act, then the court shall enjoin the defendant from doing all acts which are prohibited by the section, or sections, of which any provision thereof is being violated, or has been violated, by the defendant. [Bus. & Prof. Code §17078]

74. The court may, in its discretion, include in any injunction against a violation of the Unfair Practices Act such other restraint as it may deem expedient in order to deter the defendant from, and insure against, his committing a future violation of this chapter. [Bus. & Prof. Code §17079]

75. Any person, who, either as director, officer or agent of any firm or corporation or as agent of any person, violating the provisions of the Unfair Practices Act, assists or aids, directly or indirectly, in such violation is responsible therefor equally with the person, firm or corporation for which he acts. [Bus. & Prof. Code §17095]

76. In any injunction proceeding against any person as officer, director or agent, it is sufficient to allege and prove the unlawful intent of the person, firm or corporation for which he acts. [Bus. & Prof. Code §17096]

77. Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecuting this action pursuant to the Code of Civil Procedure § 1021.5 and an other applicable law.

### SIXTH CAUSE OF ACTION
### VIOLATION OF RESPA (12 U.S.C. 2605).

78. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First, Second Third Fourth Fifth and Sixth Causes of Action as though fully set forth herein.

79. Defendants enabled OCWEN to notify Plaintiff of her rights under RESPA and violating her rights with that dated notice.

80. New Century and OCWEN states during the 60 day period following the Effective Date of the transfer of the loan servicing Defendants cannot impose late fees. Attached hereto as Exhibit F is a copy of a loan statement from OCWEN imposing a late fee of $183.33 on May 16, 2007, well BEFORE the 60 day period. The alleged Effective Date is April 2, 2007. Defendants, if the transfer was legal and proper could not affect a late fee until AFTER June 2, 2007.

### SEVENTH CAUSE OF ACTION
### QUIET TITLE TO REAL PROPERTY AGAINST ALL DEFENDANTS

81. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action as though fully set forth herein.

82. Only the "Note Holder" can exercise the power of sale under the deed of trust pertaining to the Property. It has yet to be determined the Note Holder of fact in this matter.

83. As such it is unclear if OCWEN or DB are true Note Holders of Plaintiff's Mortgage.

84. Likewise, the "Note Holder", i.e. Defendant NEW CENTURY, as the "Lender" must give the required notices pursuant to California Civil Code § 2924. Failure of the actual "Note Holder" to give the required notices makes the non-judicial foreclosure proceedings defective and void.

85. Plaintiff sues Defendants to quiet title and to obtain the original note under rules of evidence sufficient to permit a legal determination of rightful title and to discover if the instrument was transferred by assignment or by payment and negotiation, (Owner of an instrument in question is a necessary party in order for court to cancel it. *Lawrence v. Long Beach Pleasure Pier Co., (1919) 44 Cal. App. 410, 186 P. 606).*

86. As a result of the aforesaid defects in the non-judicial foreclosure proceedings, including the failure to give the required notices under C.C. §2924, the trustee's deed represents

a cloud on Plaintiff's title to the property adverse to Plaintiff's interest which requires a determination by this Court as to which person or entity is the legal owner of the Property.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For immediate CEASE AND DESIST ORDER enjoining all Defendants, and each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland, California, relating to OCWEN LOAN NO. 80590441 and any reference DB STRUCTURED PRODUCTS, INC. may have, which is presently unbeknownst to Plaintiff but directly related to OCWEN LOAN NO. 80590441 and the property commonly known as 3099 Suter Street, Oakland, California.

2. For immediate preliminary injunction and permanent injunction, enjoining all Defendants, and each of them,, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland, California, relating to OCWEN LOAN NO. 80590441 and any reference DB STRUCTURED PRODUCTS, INC. may have, which is presently unbeknownst to Plaintiff but directly related to OCWEN LOAN NO. 80590441; and

3. That the deed of trust referred to in this complaint – securing OCWEN LOAN NO. 80590441 be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

4. That Plaintiff's credit standing be fully restored in relating to OCWEN Loan No. 80590441 in its entirety – from the commencement of the loan currently known as OCWEN LOAN NO. 80590441, which is one and the same as the New Century Loan;

5. Title to the property commonly known as 3099 Suter Street, Oakland, California, be restored to Plaintiff in the name of "Leslie Marks" free and clear of encumbrance of any Defendant;

6. That New Century Loan Number 1006788513 be forgiven in its entirety which is one and the same as the OCWEN Loan;

7. That the OCWEN Loan No. 80590411 be forgiven in its entirety which is one and the same as the New Century Loan;

8. This Court dismiss this action with prejudice against all Defendants;

9. For such other and further relief as this Court deems just and proper.

DATED: February 27, 2009

_____
Plaintiff Leslie Marks in Pro Per

-16-
COMPLAINT

## VERIFICATION

I, LESLIE MARKS, am the plaintiff in the above entitled proceeding. I have read the Adversary Proceeding Complaint attached hereto, in the above-entitled action and know the contents thereof. The same is true of my knowledge except to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on this 27th day of February, 2009 at Oakland, California.

_____
Leslie Marks

-17-
COMPLAINT