IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

NEW CENTURY TRS HOLDINGS, INC., et al., a Delaware Corporation,

            Debtor.

CASE NO. . 07-104-16 KJC, and Related Actions, Jointly Administered

CHAPTER 11

ADVERSARY PROCEEDING
CASE NO.: 09-50244

LESLIE MARKS,

            Plaintiff,

vs.

NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, et al.

            Debtors

RELATED CASES:
USDC NDC Case No: C06-06806 SI

## DECLARATION OF LESLIE MARKS IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING COMPLAINT PURSUANT TO FRCP 12(B)(6)

I, Leslie Marks, do hereby declare as follows:

1.     I am the Plaintiff in the above-captioned adversary proceeding. I submit this declaration in support of the Opposition to Defendant's Motion to Dismiss.

2.     I am fully aware of all aspects of this adversary proceeding and the related proceedings, and the facts and circumstanced of each and every one of matters to which I am a party.

3.     I could and would testify under oath to the statements alleged herein as I know them to be true to the best of my knowledge.

4.     In support of the Opposition to Defendant's Motion to Dismiss, I respectfully

submit this affirmation before this Court, true and correct copies of to relevant documents in this matter.

EXHIBIT A: A true and correct copy of the Certificate of Service signed by Elizabeth A Sloan, failing to provide a Declaration under penalty of perjury of service.

EXHIBIT B: A true and correct copy of correspondence from The New Century Liquidating Trust Holdings – including fax confirmation, dated FEBRUARY 10, 2009, requesting Plaintiff to submit a W-9 form in order to be paid for her pending and valid claim. This correspondence states that On August 5, 2008, a similar form was sent to Plaintiff. The NCLT Trustee claims in his Motion to Dismiss that Plaintiff had no valid claim on or about October 2008, yet offer her to file a Claim in August 2008 and again in February 2009. Plaintiff declares under penalty of perjury that no such form was ever received by Plaintiff on August 2008 or any other time until Marks received said form on or about March 8, 2009 and immediately faxed it as directed. Attached to Exhibit A is a true and correct copy of the fax confirmation.

EXHIBIT C: A true and correct copy of Judgment Granted in Plaintiff's favor against Tom Chicoine, former Manager of Home 123 and employee of New Century.

EXHIBIT D: A true and correct copy of Jamie L Edmonson failing to have a Declaration of Service nor a service list.

EXHIBIT E: A true and correct copy of Notice of Transfer from New Century dated March 27, 2009, clearly depicting RESPA violations on its face. Furthermore, if New Century and/or Home 123 has relinquished interest in Plaintiff's property, Defendants fail to remove any and all derogatory credit references from her credit report both at the time of the

illegal transfer and at the alleged time of dismissing her claim causing irreparable harm and financial devastation.

**EXHIBIT F:** A true and correct copy of documents Plaintiff attempted to file with this Court in 2007, to which Plaintiff received no response from this Court.

5. I object to Defendants **Exhibit 9** and declares that she has NEVER received any document which listed her property as described in Defendant's Exhibit 9, as Plaintiff would have IMMEDIATELY took action. Defendant's Exhibit 9 was dated May 7, 2008. As is clear in Plaintiff's **Exhibit A** above, Plaintiff was lead to believe she had an active valid claim in this matter, and Defendants submitted a claim form even AFTER this Court's order. Plaintiff did receive numerous documents, however, not one single document received ever listed Plaintiff's property. Plaintiff is not certain if this was by mistake or deliberate intent.

6. Defendant's **Exhibit 4** is NOT an Adversary Proceeding, it is a copy of the Complaint Federal Court, in a related matter in June 2006, prior to New Century's filing Bankruptcy on April 2, 2007, as such it is the INITIAL complaint against New Century filed prior to the very public federal investigations and SEC investigation that led New Century to file Bankruptcy and seek relief via the Automatic Stay.

7. I object to Defendant's **Exhibit 3**, which is a copy of an ***ESTIMATED*** Hud-1 for the 2006 loan, not the FINAL Hud-1. Defendant's are fully aware of this as they produce the FINAL Hud-1 for the 2004 loan.

8. Defendants' Statement of Facts bring evidence to support Plaintiffs claims in the instant matter. First, Plaintiff was cohersed, and prodded into refinancing several times, and it was New Century who benefited from those refinancings, not Plaintiff. Defendants stole equity from Plaintiff's property each New Century refinancing, including excessive prepayment penalties. I did not know it then, but knows now that Defendants systematically enticed her to refinance, and fraudulently inflated the value of her property for their own gain, and obtained

thousands of dollars from her property in excessive fees and charges. Defendant New Century refinanced Plaintiff's home and gained profits, refinancings that was NOT in Plaintiff's best interests. As they have stolen equity from many homes throughout the United States and sought shelter from their crimes in Bankruptcy court, Plaintiff too was a victim who chose to fight back. As Plaintiff's allege Defendants defrauded her, the only "cash out" was unjustly received by them. Defendants fraudulently created income documents, over appraised Plaintiff's property, and Plaintiff makes many of the same claims alleged by others which forced New Century into bankruptcy in the first place. New Century initiated the refinancing process and enabled it, and finally stole all equity from Plaintiff's property.

9. Defendant's Exhibit 5, is a copy of Plaintiff's Proof of Claim as well as Plaintiff's Notice of Motion and Motion to Exclude Property from the bidding process, which was not addressed by this Court, nor responded to by any Defendant. While Plaintiff did include a self-addressed stamped envelope, she received no response whatsoever to her documents mailed to this Court on or about April 24, 2007. As such Plaintiff was denied due process. Plaintiff did NOT drop the ball, she was defending her property against the illegal transfer to OCWEN and DB in yet ANOTHER related action.

10. Defendant's Exhibits 2 and 3 are copies of Loan Documents, which Defendants refused, claimed not to have possession of, or otherwise failed to produce in the related case USDC NDC 06-06806 SI. Defendants in the related case failed to clarify who was the actual holder of Plaintiff's note (New Century or Home 123), claimed that New Century and Home 123 were to SEPARATE entities; among other allegations. Defendant's Exhibits 2 and 3 clearly confirm that New Century refinanced Plaintiff's home several times which was not in Plaintiff's best interest and acted in abusive practices. 15 USC § 1639(1)(2). Furthermore, in the related case: Marks v. Chicoine, USDC NDC 06-06806, Defendants New Century and Defendant Home 123 claimed not to have possession of Plaintiff's loan documents, here all the documents miraculously have been produced. In the related case, there is not a single loan document on file. Furthermore, Defendants failed to clarify which Defendant, in fact, held

DECLARATION OF LESLIE MARKS

Plaintiff's mortgage. To date, this is still unclear.

11.     Plaintiff requests this Court to take Notice that the Declaration of Alan M. Jacobs does not include a declaration under penalty of perjury as is customary when a declaration is submitted to the Court.

For the reasons set forth herein, the pleadings and papers on file to which this Declaration supports, as well as the accompanying Memorandum in Opposition, Plaintiff respectfully requests this Court deny Defendant's motion to dismiss with prejudice and grant Plaintiff sanctions as it deem just and proper.

I declare under penalty of perjury that the forgoing statements are true and correct according to information and belief. Signed this 26th day of April, 2009 at Oakland, California.

_____
Leslie Marks

## CERTIFICATE OF SERVICE

I, Elizabeth A. Sloan, hereby certify that on April 17, 2009, I caused a copy of the

following document to be served on the parties listed on the attached service list in the manner

indicated.

**Memorandum of Law in Support of the New Century Liquidating Trust's
Motion to Dismiss Adversary Proceeding Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)**

*/s/ Elizabeth A. Sloan*
Elizabeth A. Sloan



Bonnie Glantz Fatell
David W. Carickhoff
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801

Mark T. Power
Mark S. Indelicato
Huria S. Naviwala
Hahn & Hessen LLP
488 Madison Avenue, 15th Floor
New York, New York 10022

Alan M. Jacobs, President
AMJ Advisors LLC
999 Central Avenue
Suite 208
Woodmere, New York 11598

Joseph J. McMahon, Jr.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox #35
Wilmington, DE 19801

David Unseth, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 North Broadway, Ste. 3600
St. Louis, MO 63102-2750

William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge LLP
919 Market Street, Suite 1500
Wilmington, DE 19801

Katherine M. Windler, Esq.
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

Paul T. Liu, Esq., VP and Deputy Gen.
Counsel
John Guerry, Esq. Sr. VP & Asst. Gen.
Counsel
Countrywide Home Loans, Inc.
4500 Park Granada
Mail Stop CH-11
Calabasas, CA 91302

Kenneth W. Demers
Demers & Dixon, P.C.
42815 Garfield, Suite 210
Clinton Township, MI 48038-5026

Denise Y. Schultz
1361 South Palm Avenue
Hemet, CA 92543
(951) 766-9047 (phone)
wottawoman@aol.com

Michelle e. Shriro
Singer & Levick, P.C.
16200 Addison Rd., Ste. 140
Addison, TX 75001

Sheryl L. Moreau
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, room 670
P.O. Box 475
Jefferson City, MO 65105-0475

Ralph and Molly White
5948 Doraville Drive
Port Orange, FL 32127

**EXHIBIT A-1**

Leslie Marks
3099 Suter Street
Oakland, CA 94602

**EXHIBIT** A - 2

The New Century Liquidating Trust
c/o AMJ Advisors LLC
999 Central Avenue
Suite 208
Woodmere, New York 11598

February 10, 2009

Dear Potential Claim Holder:

**Re:** *In re New Century TRS Holdings, Inc. et al.*
        *Case No. 07-10416 (Bankr. D. Del. 2007)*

On August 1, 2008 (the "Effective Date"), the *Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008* (as supplemented, modified, or amended, the "Plan") became effective in the above referenced bankruptcy case. Pursuant to the Plan, on the Effective Date a liquidating trust (the "Trust") was created and Alan M. Jacobs was appointed as Liquidating Trustee of the Trust (the "Liquidating Trustee").

On August 5, 2008, the Liquidating Trustee sent an initial notice to you to request the submission of a completed I.R.S. Form W-9. The Trust's records indicate that a completed I.R.S. Form W-9 in response to the initial notice has not been received from you. This second notification is to advise you that you are required to submit a completed I.R.S. Form W-9 to the Liquidating Trustee in order to (i) receive a distribution from the Trust if you are deemed to have an allowed claim, (ii) ensure a timely distribution, and (iii) avoid any penalty that you may incur on account of any tax liability.

The Liquidating Trustee has determined that you may hold one or more claims against the Debtor's estate. If your claim is allowed by the Bankruptcy Court and you are entitled to a distribution under the Plan, your distribution may be subject to a federal and/or state tax withholding.

Federal income tax law requires that each claimholder receiving distributions under the Plan must provide the Liquidating Trustee (as payor) with its correct taxpayer identification number ("TIN"), which, in the case of an individual, is his or her social security number. If the Liquidating Trustee is not provided with the correct TIN, the holder may be subject to backup withholding and a $50 penalty imposed by the Internal Revenue Service. (If withholding results in an over-payment of taxes, a refund may be obtained). Certain holders (including, among others, all corporations and certain foreign individuals) are not subject to these backup withholding and reporting requirements.

Each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligation imposed by any government unit, including income, withholding and other tax obligations, on account of such distribution. The Liquidating Trustee has the right, but not the obligation, to not




make a distribution until such holder has made arrangements satisfactory to the Liquidating Trustee for payment of any such tax obligations.

Furthermore, each Trust beneficiary is required to provide the Liquidating Trustee with its correct TIN so the Trust can fully and properly prepare and file tax returns and otherwise satisfy its tax reporting obligations.

Thus, to receive a distribution under the Plan, and to ensure that you receive any such distribution in a timely manner, the Liquidating Trustee requires that each claimant holding an Allowed Claim have a correct TIN on file. Accordingly, each holder of an Allowed Claim that is to receive a distribution under the Plan shall submit a completed I.R.S. Form W-9, a copy of which is attached hereto as Exhibit "A", to the attention of:

> New Century Liquidating Trust
> c/o XRoads Case Management Services LLC
> P.O. Box 8901,
> Marina Del Rey, California 90295
> Telephone: (888) 784-9571

A completed I.R.S. Form W-9 may also be sent via facsimile to 949-567-1763.  In order to ensure that you receive a timely distribution in the event your claim is allowed, please return the completed I.R.S. Form W-9 as soon as possible.  If we do not receive the proper taxpayer information for you before the initial distributions are made under the Plan, you may not receive a distribution, your distribution may be delayed, and/or the Liquidating Trustee may seek to disallow your claim.  **No distribution will be made to any creditor who has not submitted a completed W-9.  In addition, the Liquidating Trustee may move to disallow a claim if the Trust does not have a completed I.R.S. Form W-9 for that claimant.**

The Liquidating Trustee reserves the right in his sole discretion to take whatever steps are necessary to comply with its obligation regarding backup withholding and tax reporting.  In addition, the Liquidating Trustee reserves any and all of his rights with respect to all Claims and nothing herein shall constitute an admission or acknowledgement regarding the existence or validity of any Claim.

If you have any questions regarding this letter, please contact Janine M. Cerbone or Huria Naviwala, counsel for the Liquidating Trust, at Hahn & Hessen LLP, 488 Madison Ave., 15th Floor, New York, NY 10022; Tel: (212) 478-7200.

> Sincerely,
>
> The Liquidating Trust of
> New Century TRS Holdings, Inc. et al.
>
> By: _____
> Alan M. Jacobs, its
> Liquidating Trustee

871230.003-1588144.1  **EXHIBIT B-1**

0710416090302112139002779

Form **W-9**
(Rev. October 2007)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

**Give form to the requester. Do not send to the IRS.**

Name (as shown on your income tax return)

LESLIE MARKS

Business name, if different from above

Check appropriate box: ☒ Individual/Sole proprietor  ☐ Corporation  ☐ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ _____
☐ Other (see instructions) ▶

☐ Exempt payee

3099 SUTER ST
OAKLAND, CA 94602 US

Requester's name and address (optional)

List account number(s) here (optional)

*Print or type   See Specific Instructions on page 2.*

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number
085 : 50 : 9242

or

Employer identification number

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**   Signature of U.S. person ▶ *Leslie Marks*   Date ▶ 3/6/2009

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

● An individual who is a U.S. citizen or U.S. resident alien,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

● An estate (other than a foreign estate), or

● A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X   Form **W-9** (Rev. 10-2007)

EXHIBIT B-2


0710416090302112139002779



**eXtreme Fax**

**Leslie Marks**
**Main: (866) 814-8313**

Help | Logout

Overview    Messages    Call Log    Contacts    Preferences    Download              FaxOut

## Call Log

Show Call Log records for:                                            Delivery Setting:
                                                                     Purge Call Log
○ Last 30 days
◉ From: February · 1 · 2009 · To: April · 20 · 2009 ·
Phone Number:              Contacts
☑ Detailed View
Type of Call: ☐ Voice  ☑ Fax
Direction:  ☐ Inbound  ☑ Outbound
Include blocked calls: ☐

▬▬▬  Simple Search          ▬▬▬

Total included calling credits used for this period: $7.238  (109 Plan minutes at 6.7¢)
Total purchased calling credits used for this period: $0.000  (0 Plan minutes at 6.7¢)

| Type | From | To | Forwarded To | Name | Location | Date / Time | | Action | Result | Length | Included | Purchased |
|------|------|----|--------------|------|----------|-------------|--|--------|--------|--------|----------|-----------|
| 📠 Fax ← | | | | To: | | Mon 04/13/2009 | 8:30 PM | Outgoing Fax | Sent | 1:21 | $0.101 | - |
| 📠 Fax ← | | | | To: | | Wed 04/08/2009 | 8:31 AM | Outgoing Fax | Sent | 4:57 | $0.335 | - |
| 📠 Fax ← | | | | To: | | Thu 04/02/2009 | 1:18 PM | Outgoing Fax | Sent | 12:00 | $0.804 | - |
| 📠 Fax ← | | | | To: | | Tue 03/24/2009 | 12:41 PM | Outgoing Fax | Sent | 0:58 | $0.067 | - |
| 📠 Fax ← | | | | To: | | Fri 03/20/2009 | 0:14 AM | Outgoing Fax | Sent | 21:48 | $1.474 | - |
| 📠 Fax ← | | | | To: Add Contact | | Mon 03/16/2009 | 12:59 PM | Outgoing Fax | Sent | 9:01 | $0.603 | - |
| 📠 Fax ← | (949) 567-1763 | | | To: Add Contact | Irvine, CA | Fri 03/20/2009 | 7:50 PM | Outgoing Fax | Sent | 4:28 | $0.302 | - |
| 📠 Fax ← | | | | To: | | Fri 03/08/2009 | 5:17 PM | Outgoing Fax | Sent | 11:54 | $0.804 | - |
| 📠 Fax ← | | | | To: | | Fri 02/13/2009 | 10:02 PM | Outgoing Fax | Sent | 2:30 | $0.168 | - |
| 📠 Fax ← | | | | To: | | Fri 02/13/2009 | 10:00 PM | Outgoing Fax | Sent | 19:05 | $1.273 | - |
| 📠 Fax ← | | | | To: | | Fri 02/13/2009 | 9:51 PM | Outgoing Fax | Sent | 0:55 | $0.034 | - |
| 📠 Fax ← | | | | To: | | Fri 02/13/2009 | 9:44 PM | Outgoing Fax | Sent | 18:51 | $1.273 | - |
| 📠 Fax ← | | | | To: | | Sat 02/07/2009 | 4:34 PM | Outgoing Fax | Busy | 1:01 | $0.000 | - |
| 📠 Fax ← | | | | To: | | Sat 02/07/2009 | 4:32 PM | Outgoing Fax | No Answer | 1:01 | $0.000 | - |
| 📠 Fax ← | | | | To: Add Contact | | Sat 02/07/2009 | 4:28 PM | Outgoing Fax | Busy | 0:01 | $0.000 | - |
| 📠 Fax ← | | | | To: Add Contact | | Sat 02/07/2009 | 4:28 PM | Outgoing Fax | No Answer | 1:00 | $0.000 | - |
| 📠 Fax ← | | | | To: Add Contact | | Sat 02/07/2009 | 4:23 PM | Outgoing Fax | Busy | 0:01 | $0.000 | - |
| 📠 Fax ← | | | | To: Add Contact | Fresno, CA | Sat 02/07/2009 | 4:23 PM | Outgoing Fax | Call Failed | 1:01 | $0.000 | - |

▬▬▬

Terms of Use | Privacy Policy
Copyright © 1999-2009 RingCentral, Inc. All rights reserved.

**EXHIBIT B3**

1
2
3
4
5                        IN THE UNITED STATES DISTRICT COURT
6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   LESLIE BARNES MARKS,                          No. C 06-06806 SI
9            Plaintiff,                           **JUDGMENT**
10     v.
11  TOM CHICOINE, et al.,
12           Defendants.
                                         /
13 _____
14        Plaintiff's motion for entry of default judgment as to defendant Tom Chicoine is granted.
15  Judgment in the amount of $25,000 is entered in favor of plaintiff and against defendant Tom Chicoine.
16
17        **IT IS SO ORDERED.**
18
19  Dated: April 10, 2009                         _____
                                                  SUSAN ILLSTON
20                                                United States District Judge
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :
                                              :
NEW CENTURY TRS HOLDINGS, INC.,               :
a Delaware corporation, et al., ¹             :
                                              :
                   Debtors                    :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - x
```

Chapter 11

Case No. 07-10416 (KJC)

Jointly Administered

Re: Docket No. 5532, 5537 and 5538

### DECLARATION OF SERVICE

    I, Jamie L. Edmonson, a Managing Director with XRoads Case Management Services,

LLC and a member of the bar of this Court, hereby declare that on March 27, 2008, I caused true

and correct copies of the following to be served upon the attached Exhibit A by United States

Postal Service First Class Mail:

- **Motion of Debtors for an Order Authorizing and Approving Assumption of AT&T Agreement as Modified [Docket No. 5532]**

- **Debtors' Eighteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [Docket No. 5537]**

- **Debtor's Nineteenth Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed.R.Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Amended and Superseded Claims; (B) Duplicate Claims; and (C) Late Filed Claims [Docket No. 5538]**

---

¹    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

 

EXHIBIT D

Additionally, on March 27, 2008, I caused true and correct copies of the following to be served on the parties listed on the attached Exhibit B by United States Postal Service First Class Mail:

- **Debtors' Eighteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [Docket No. 5537]**

Additionally, on March 27, 2008, I caused true and correct copies of the following to be served on the parties listed on the attached Exhibit C by United States Postal Service First Class Mail:

- **Debtor's Nineteenth Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed.R.Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Amended and Superseded Claims; (B) Duplicate Claims; and (C) Late Filed Claims [Docket No. 5538]**

Dated: April 14, 2008

/s/ Jamie L. Edmonson
Jamie L. Edmonson (No. 4247)
XROADS CASE MANAGEMENT
 SERVICES, LLC
1821 E. Dyer Road, Suite 225
Santa Ana, California 92705
Telephone: (949) 567-1600

EXHIBIT D-1


**NEW CENTURY™**
MORTGAGE CORPORATION

P.O. Box 54285, Irvine CA 92619-4285   (800) 561-4567   Fax # (949) 517-5220

March 27, 2007

LESLIE MARKS
3099 SUTER STREET
OAKLAND, CA 94602

Re: NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
NEW CENTURY MORTGAGE LOAN NO: 1006788513
OCWEN LOAN SERVICING LOAN NO: 80590441

**\*PLEASE NOTE THAT THIS TRANSFER NOTICE IS FOR THE ABOVE REFERENCED LOAN ONLY**

Dear Mortgagor(s):

The servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from your present servicer, New Century Mortgage Corporation ("New Century"), to a new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective April 2, 2007 (the "Effective Date" of Transfer). Please be assured that this assignment, sale or transfer of servicing of the mortgage loan from New Century to Ocwen does not in any way affect any terms or conditions of your mortgage instruments, other than terms directly related to the servicing of your loan.

The date on which New Century will stop accepting payments from you is April 1, 2007.
If you have any questions relating to the transfer of servicing from New Century,
call 1-800-561-4567 between 6:00 A.M. and 6:00 P.M. (PST), Monday through Friday.
This is a toll free number.

The date on which Ocwen will start accepting payments from you is April 2, 2007. Please send all payments Due on or after April 2, 2007 to Ocwen at the payment address stated below.
Ocwen will be mailing you a monthly billing statement shortly. Your new servicer will also send to you Shortly information regarding its toll-free telephone number.
Your new servicer will also shortly send you the name of the individual or department to call, including its Toll free number and hours of business. If you have any questions relating to the transfer of servicing to your New servicer. However, if you do not receive the billing statement prior to your first payment due date, Please send your payment to the address below:

| REGULAR ADDRESS | OVERNIGHT ADDRESS | CORRESPONDENCE |
|---|---|---|
| Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| P.O. Box 6440 | Attention: Cashiering | Attn: Customer Service Dept |
| Carol Stream, IL 60197-6440 | 12650 Ingenuity Drive | P.O. Box 785057 |
| | Orlando, Florida 32826 | Orlando, FL 32878-5057 |

EXHIBIT E-1



Additional services offered by Ocwen are:

**Automatic Payment Deductions:** Ocwen can automatically deduct your payment from the checking or savings account of your choice. To sign up for this service call simply Customer Relations to request an ACH application or visit www.ocwen.com and print the application on-line.

**Escrow:** If you have an escrow/impound account, Ocwen will review it annually. Your payment will then be adjusted to ensure that there will be sufficient funds to cover your taxes and/or insurance premiums when they are due.

**Internal Revenue Reporting:** In January 2008, New Century will send you an interest statement for the period in 2007 in which New Century serviced your loan. In January 2008 and each year thereafter, Ocwen will provide you with an interest statement for the payments you made on your loan on or after the Effective Date of Transfer. The statement will also reflect the amount disbursed for property taxes, if you have an escrow/impound account for payment of taxes.

**Customer Service:** If you have any questions related to the transfer of the servicing from your present servicer, you may contact the Loan Servicing Department of New Century at 800-561-4567, between the hours of 6:00 a.m. and 6:00 p.m., (PT), Monday through Fridays. If you have any other questions related to the transfer of servicing to your new servicer, you may contact Ocwen's Customer Service Department at 800-74-OCWEN, between the hours of 9:00 a.m. and 9:00 p.m. (ET) Monday through Thursday and 9:00 a.m. to 6:30 p.m. (ET) on Fridays.

Sincerely,

New Century Mortgage Corporation

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the Effective Date of Transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the Effective Date of Transfer.

"During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your previous servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name, account number, and your reasons for the request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Section 6 of RESPA also provides for damages and cost for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of this Section. You should seek legal advice if you believe your rights have been violated."





**EXHIBIT** E-2

OCWEN

P.O. Box 24787
West Palm Beach, FL 33416-4787

PRESORTED
FIRST CLASS



2 BMAPNMS 94602

**EXHIBIT** E-3

☐ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

**PROOF OF CLAIM**

B 10 (Official Form 10) (04/07)

RECEIVED
APR 30 2007
XRoads Claims Management Services

**UNITED STATES BANKRUPTCY COURT** _____ DISTRICT OF **DELAWARE**

| Name of Debtor | Case Number |
|---|---|
| NEW CENTURY | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

✓ Check box if you have never received any notices from the bankruptcy court in this case.

Name and address where notices should be sent:

LESLIE MARKS
3099 SUTER STREET
OAKLAND, CA 94602
Telephone number: (510) 434-9746

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends a previously filed claim, dated: _____
if this claim

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
✓ Other: **Mortgage Fraud**

☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
From _____ to _____
  (date)       (date)

**2. Date debt was incurred: 05/01/2006**

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ _____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ _____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950,)* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
✓ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate      ☐ Other _____
☐ Motor Vehicle

Value of Collateral: $ **495,000**

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ **495,000**

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $ | $ | $ | $ |
|---|---|---|---|
| (unsecured) | 495,000 (secured) | 495,000 (priority) | 495,000 (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**
'07 APR 25 AM 10: 01

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | |

_Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571._



0710416070425OU0000000025

*Leslie Barnes Marks*
*3099 Suter Sreet*
*Oakland, CA  94602-2840*
*510-434-9748*
*blaqrubi@yahoo.com*

April 24, 2007

VIA Fax and Federal Express

Clerk of the Court
United States Bankruptcy Court
824 North Market Street
3rd Floor
Wilimgton, Delaware  19801

In Re: New Century  USBC District of Delaware Case No. :

Dear Sir Madam Clerk:

I enclose documents relating the above referenced matter.  I enclosed a self-addressed, stamped envelope for the return of an endorsed filed copy of any document that needs to be returned.  Otherwise, I am certain the documents will be posted on line. Feel free to contact me, preferably by email, if you need an immediate response.

Thank you for  your time.

Very truly yours,

/s/
Leslie Barnes Marks

1

EXHIBIT F-1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

In re NEW CENTURY TRS HOLDINGS, INC. ) CHAPTER 11
, a Delaware Corporation, et al. )
) CASE NO. . 07-104-16 KJC, Jointly
) Administered
Debtors. )
) Related Cases:  USDC NDC Case No:  C06-
) 06806 SI and C07-2133 WHA
)
) APPLICATION TO PROCEED IN
) FORMA PAUPERIS
)
) Original Complaint filed In
) State Court July 28, 2006
)
)
)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

I, LESLIE BARNES MARKS, declare, under the penalty of perjury that I am the owner
of the property commonly known as 3099 Suter Street, Oakland, CA, 94602, and the information
I offer throughout this application is true and correct.  I offer this application in support of my
request to proceed without being required to pay the full amount of fees, costs or give security.  I
state that because of my poverty that I am unable to pay the costs of this action or give security
and that I believe I am entitled to relief.  Debtors New Century TRS Holdings, Inc., as defined in
this and the related actions, and each of them, jointly and severally through their actions created
my poverty.  Ms. Marks was not in this negative state prior to becoming a victim to Defendant's
unlawful acts.

-1-

APPLICATION TO PROCEED IN FORMA PAUPERIS

EXHIBIT  F-2

1       I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct to the best of my knowledge and belief. Plaintiff is unable to make

3  fee payments of any kind in any amount at this time. Plaintiff understands that a false statement

4  herein may result in dismissal of my claims.

5

6  Dated: April 20, 2007

7                      Leslie Barnes Marks, Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION TO PROCEED IN FORMA PAUPERIS

EXHIBIT F-3

1
2
3
4
5
6

UNITED STATES BANKRUPTCY COURT

7

DISTRICT OF DELAWARE

8
9   In re NEW CENTURY TRS HOLDINGS, INC.
10   , a Delaware Corporation, et al.
11         Debtors.

| | |
|---|---|
| ) | CHAPTER 11 |
| ) | |
| ) | CASE NO. . 07-104-16 KJC, Jointly |
| ) | Administered |
| ) | |
| ) | Related Cases: |
| ) | USDC NDC Case No: C06-06806 SI and |
| ) | C07-2133 WHA |
| ) | |
| ) | NOTICE OF MOTION AND MOTION |
| ) | TO PERMIT PRO SE PLAINTIFF TO E- |
| ) | FILE |
| ) | Original Complaint filed In |
| ) | State Court July 28, 2006 |

17

18   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLAINTIFF, LESLIE BARNES MARKS, in Pro Se, agrees to follow the local rules and

can meet the technical requirements for e-filing documents in this Court and hereby requests

permission from this Court to e-file documents relating to these matters with this Court.

Dated: April 20, 2007

_Leslie Barnes Marks_

Leslie Barnes Marks, Pro Se

EXHIBIT F-4

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, et al. <br><br> Debtors. | ) CHAPTER 11<br>) <br>) CASE NO. . 07-104-16 KJC, Jointly<br>) Administered<br>)<br>) Related Cases:  USDC NDC Case No:  C06-<br>) 06806 SI and C07-2133 WHA ST<br>)<br>) NOTICE OF MOTION AND MOTION<br>) TO EXCLUDE THE PROPERTY<br>) COMMONLY KNOWN AS 3099 SUTER<br>) STREET, OAKLAND, CA FROM THE<br>) BIDDING PROCESS<br>)<br>) Original Complaint filed In<br>) State Court July 28, 2006 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

LESLIE BARNES MARKS, in Pro Se, requests is Court grant her permission to appear telephonically.  Ms. Marks has been defrauded by New Century Mortgage Corporation and Home 123 and filed a lawsuit in State Court which was later removed to Federal Court and currently known as USDC NCD Case No. C06-06806 SI.  Defendants New Century and Home 123 were represented by Wolfe and Wyman attorney Brian Gunn.

1.      On or about, March 27, 2007, New Century Mortgage illegally transferred Plaintiff's property to OCWEN.  New Century did not give Plaintiff this notice thru its counsel of record, and New Century and OCWEN violated RESPA in this illegal transfer.

2.      On April 2, 2007 Defendants New Century and Home 123 filed Bankruptcy in

-1-

NOTICE OF MOTION AND MOTION TO REMOVE PROPERTY FROM BIDDING PROCESS

EXHIBIT F-5

1 this action, Defendant Tom Chicoine took flight according to his counsel, Brian Gunn.

2      3.      After April 2, 2007, OCWEN continues to act as though they have legal right to

3 Ms. Marks' Property, commonly known as 3099 Suter Street, Oakland, California.

4      4.      On April 27, 2007, Ms. Marks filed a complaint against OCWEN.

5      5.      On April 19, 2007 Ms. Marks received a notice dated April 13, 2007, which stated

6 a "bidding sale" has been heard and approved.

7      6.      The "bidding sale" is closed, private and in New York City, which further assists

8 New Century Mortgage Corporation to effectively defraud individuals of their residential

9 properties, while hiding behind bankruptcy laws.

10      7.      Debtor's attorneys, in this action and in the prior action are well aware there is a

11 legal action against their clients and the property commonly known as 3099 Suter Street is in

12 dispute.

13      8.      No attorney, neither New Century's bankruptcy representatives nor their prior

14 counsel has timely notified Ms. Marks of the status of bidding sales, or any other actions that

15 relate to her property in this matter, effectively denying Ms. Marks the right of due process.

16      9.      New Century hides behind the Bankruptcy laws and utilized those laws to defraud

17 plaintiff from her primary residence.

18      10.      There is a Notice of Pendency of Action on file in this matter relating to the

19 Property commonly known as 3099 Suter Street, Oakland, CA 94602.

20

21 Dated: April 20, 2007

22                    Leslie Barnes Marks, Pro Se

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO REMOVE PROPERTY FROM BIDDING PROCESS

EXHIBIT F-6

In Re New Century
Adversary Proceeding Marks v New Century
Case No.: 09-50244 KJC

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the County of Alameda, State of

California. I am over the age of eighteen (18) years and not a party to the within cause.

My address is 541 45th Street, Oakland, CA 94609.

On April 25, 2009 I served the foregoing documents:

1.    **OPPOSITION TO MOTION TO DISMISS**
2.    **DECLARATION OF LESLIE MARKS**
3.    **PROPOSED ORDER**

[ X ]    BY MAIL in the said cause by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Oakland, CA addressed as shown below.

[ ]    BY HAND DELIVERY by causing a true copy thereof enclosed in a sealed envelope, to be delivered by hand to the address (es) shown below.

[ ]    BY OVERNIGHT DELIVERY by placing a true copy thereof, enclosed in a sealed envelope, with delivery charges fully paid, to be delivered overnight to the address(es) shown below.

[ ]    BY FACSIMILE TRANSMISSION by transmitting a true copy thereof by facsimile transmission from the facsimile number to the interested parties to said action at the facsimile number(s) shown below.

## SEE ATTACH LIST

I declare under penalty of perjury that the foregoing is true and correct and

executed on this 26th day of April, 2009, at Oakland, California.

_Tracey Newman_

TRACEY NEWMAN

U.S. Bankruptcy Court
District of Delaware (Delaware)
Adversary Proceeding #: 09-50244-KJC – MARKS v NEW CENTURY, et al.

## SERVICE LIST

| | |
|---|---|
| Mark D. Collins / Christopher M. Samis / Chun I. Jang<br>Paul Noble Heath / Marcos Alexis Ramos /<br>Russell C. Silberglied / Michael Joseph Merchant<br><br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>One Rodney Square<br>Wilmington, DE 19801<br>302-651-7845<br>Fax : 302-651-7701<br>Email: samis@rlf.com<br>Email: jang@rlf.com<br>Email: collins@RLF.com | Diana M. Thimmig<br>Roetzel & Andress, LPA<br>1375 East Ninth Street<br>One Cleveland Center<br>9th Floor<br>Cleveland, OH 44114<br>216-623-0150<br>Fax : 216-623-0134<br>Email: dthimmig@ralaw.com |
| Ralph and Molly White<br>5948 Doraville Drive<br>Post Orange, FL 32127 | Ivan Lerer Kallick<br>Manatt Phelps & Phillips, LLP<br>11344 West Olympic Boulevard<br>Los Angeles, CA 90064<br>310-312-4000<br>Fax : 310-312-4224<br>Email: ikallick@manatt.com |
| Bonnie Glantz Fatell<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>(302) 425-6423<br>Fax : (302) 425-6464<br>Email: fatell@blankrome.com | Joseph J. McMajon, Jr.<br>Office of the United States Trustee<br>844 King Street, Room 2207<br>Lockbox #35<br>Wilmington, DE 19899-0035<br>Tel: 302-573-6491 |
| David W. Carickhoff, Jr<br>Blank Rome LLP<br>Chase Manhattan Centre<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>usa 302-425-6400<br>Fax : 302-425-6464<br>Email: carickhoff@blankrome.com | Mark T. Power<br>Mark S. Indelicato<br>Huria S. Naviwala<br>Hahn & Hessen LLP<br>488 Madison Avenue, 15th Floor<br>New York, NY 10022 |

| | |
|---|---|
| Alan M. Jacobs, President<br>AMJ Advisors LLC<br>999 Central Avenue<br>Suite 208<br>Woodmere, New York, 11598 | Paul T. Liu, Esq, VP & Deputy General<br>Counsel<br>John Guerry, Esq. Sr. VP. & Assist. Gen.<br>Counsel<br>Countrywide Home Loans, Inc.<br>4500 Park Granada<br>Mail Stop CH-11<br>Calabasas, CA 91302 |
| David Unseth, Esq.<br>Bryan Cave, LLP<br>One Metropolitan Square<br>222 North Broadway, Ste 3600<br>St. Louis, MO 63102-2750 | William E. Chipman, Jr. Esq.<br>Edwards Angell Palmer & Dodge LLP<br>919 Market Street, Suite 1500<br>Wilmington, DE 19801 |
| Katherine M. Windler, Esq.<br>Bryan Cave, LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401-2386 | Kenneth W. Demers<br>Demers & Dixon, PC<br>42815 Garfield, Suite 210<br>Clinton Township, MI 48038-5026 |
| Denise Y. Schultz<br>1361 South Palm Avenue<br>Hemet, CA 92543 | Michelle E. Shriro<br>Singer & Levick, P.C.<br>16200 Addison Rd., Suite 140<br>Addison, TX 75001 |
| Sheryl L. Moreau<br>Special Assistant Attorney General<br>Missouri Department of Revenue<br>General Counsel's Office<br>301 W. High Street, room 670<br>PO Box 475<br>Jefferson City, MO 65105-0475 | |