UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LESLIE MARKS, Plaintiff | ) CHAPTER 11 <br> ) <br> ) ADVERSARY PROCEEDING <br> ) CASE NO.: 50244 <br> ) |
| NEW CENTURY TRS HOLDINGS, <br> INC., a Delaware Corporation, *et al.* <br> Debtors. | ) <br> ) CASE NO. . 07-104-16 KJC, and Related <br> ) Actions, Jointly Administered <br> ) <br> ) RELATED CASES: <br> ) USDC NDC Case No: C06-06806 SI and <br> ) C07-2133 SI <br> ) <br> ) DECLARATION OF LESLIE MARKS <br> ) RE MOTION OF NEW CENTURY <br> ) LIQUIDATING TRUST TO ESTABLISH <br> ) A RESERVE FOR CERTAIN DISPUTED <br> ) CLAIMS – AND REQUEST FOR <br> ) ADEQUATE PROTECTION <br> ) <br> ) Original Complaint filed In <br> ) State Court July 28, 2006 |

I, Leslie Marks, declare:

I am the Plaintiff in this matter. This Declaration will address specific issues in the New Century Liquidating Trust's (hereinafter "NCLT") Motion to Establish a Reserve Fund for Certain Disputed Claims. Several facts of my claim have been grossly misrepresented. I have personal knowledge of the matters set forth within and can competently testify thereto if called upon to do so.

1. On April 2, 2007 NCLT filed bankruptcy and transferred my property to OCWEN, a servicing company, without leave of the Bankruptcy Trustee. This is in violation of

-1-

bankruptcy law.

2. Section D, at page 12 of NCLT's Motion #48. NCLT admits that it refinanced my home two times within two years, in violation of RESPA and other laws. Every refinancing was with the coercion of a representative of New Century, Home 123 or one of its affiliates. I was advised that paying for a short period of time would increase my credit rating and I would get a lower interest rate. I was NOT told of the excessive fees I was charged. NCLT bated me with the first refinancing, all subsequent refinancing were for the sole benefit of NCLT and its agents and brokers. I received $10,000, $150,000 of equity was stolen from my home and Mr. Chicoine enjoyed an amount in excess of $10,000.00 as well. There terms of the loan were NOT what was agreed upon. I requested to leave $150,000.0 worth of equity in my home and my vehicle was to be paid off. This did not happen. I lost the vehicle and incurred debt after its sale. The interest rate was substantially higher than agreed, the NCLT appraiser OVER VALUED my home to accommodate the excessive, burdensome loan. The loan stripped all equity from my home and I was given a mortgage payment of about $4,200.00. I was noticed two days later that the note would increase to $4,700.00 in 90 days. I was laughed at by NCLT customer service representatives who told me they would foreclose on my home. I was NEVER able to reach Mr. Chicoine until the United States District Court contacted him and we had a telephonic conference, in which he did not deny his actions.

3. I was not advised of the questionable securitizations, fraudulent transfers, fraudulent notarizations by NCLT VP Stephen Nagy, and have obtained evidence that copies, but not originals of my mortgage may have been involved in this questionable activities.

4. I have been informed and believed

5. Section D, at page 12 of NCLT's Motion #49. NCLT admits that it funded a loan originated by Home 123. This is in violation of law. The broker and mortgage company cannot be one in the same bank. Mr. Chicoine went to great lengths to poster that he had "a hard time" finding a bank that would do the mortgage. I was shocked when it was NCLT. I told Tom NCLT had turned the loan down on line. Tom said they did that to everyone,

6. Section D, at page 12 of NCLT's Motion #50. NCLT states I filed a complaint in state court, and fails to advise the court that NCLT removed the matter to FEDERAL court, and the case remains open USDC NDC 06-06806, it is administratively closed, pending the outcome of this matter in this court. This is the matter to which I was awarded $25,000 against Tom Chicoine. I believe NCLT should pay this judgment as they enabled Mr. Chicoine to defraud me.

7. Section D, at page 12 of NCLT's Motion #51. NCLT's did not transfer my mortgage because I filed suit and disputed it IMMEDIATELY upon being unable to contact Mr. Chicoine and being ridiculed by employees of NCLT, which subsequently resulted in my loss of employment. NCLT employees called my place of work and informed any one who would listen that I was not paying my mortgage and would be thrown on the street. They were rude and disrespectful and the embarrassment and harassment was far too much to bear. NCLT in this paragraph ADMITS that it transferred my mortgage to OCWEN on April 2, 2007 in violation of Bankruptcy law. NCLT could NOT transfer property within 90 days prior to filing for relief of the automatic stay.

8. Section D, at page 12 of NCLT's Motion #52. NCLT admits I have a timely filed, valid Proof of Claim on file in this court.

9. Section D, at page 12 of NCLT's Motion #53. NCLT never provided me with ANY documentation and I was never served with any such documents. I have filed documents with this court stating same.

10. Section D, at page 12 of NCLT's Motion #54. I was NEVER served with any order expunging my claim. I have filed documents with this court stating same. As I stated in my documents, NCLT subsequently served me with a document that had my address attached to a single piece of paper stating that was sufficient Proof of Service. It was obviously not. Subsequently NCLT cut-and-paste my address on documents in a weak effort to prove service. I was never served.

11. Section D, at page 12 of NCLT's Motion #55. While I was defending myself

against OCWEN, OCWEN claimed it could not discern how much it paid NCLT for my mortgage because it claimed purchased over 6000 properties on April 2, 2007 from NCLT. This is clear violation of Bankruptcy law. There is no order from this court or Bankruptcy trustee authorizing this transfer. This transfer is in violation of bankruptcy law. This is a fact that cannot be disputed. I was advised by Judge Susan Illston to seek relief in this court against NCLT. My case in her court is administratively closed, until the matter is resolved in this court.

12. Section D, at page 12 of NCLT's Motion #56. I do not dispute this point as stated in NCLT's motion.

13. Section D, at page 12 of NCLT's Motion #57. NCLT's REPLY was NOT timely filed and it is clearly admitted here. NCLT did not reply until almost 30 days later. I did call the Court regarding NCLT's failure to respond. Furthermore, the Court noted that NCLT had not filed its binder with the court at the time of the hearing. I have NOT been served with a copy of the binder and have no knowledge that it was ever actually filed. NCLT have been given an additional 60 days to my detriment.

14. By its own admission, NCLT clearly violated bankruptcy law and other laws in the wrongful and unlawful transfer of my property. NCLT failed to clarify who was the true holder of my note – Home 123 or New Century, this issue was never resolved. NCLT failed to respond to my Qualified Written Request, in violation of RESPA. NCLT failed however my mortgage statements were from New Century. Mr. Chicoine represented himself as a BROKER, neither a lender nor a servicing company.

15. I have a handicapped son, who continues to suffer as I have to spend countless hours defending my home in these matters. OCWEN has NOT serviced my loan AT ALL from 2007 thru January 2010, when in claims to have transferred its interest to "Home 123 Corporation" a company we know does not exist. My mortgage could NOT legally be assigned, as it was transferred the same day NCLT filed bankruptcy – the same day NCLT supposedly transferred 6000 properties to OCWEN.

16. I have not received any "Notice of Substitution of Counsel" in this matter. I see

-4-
DECLARATION OF LESLIE MARKS RE MOTION OF NCLT TO
ESTABLISH RESERVE FUND FOR CERTAIN DISPUTED CLAIMS

on this Court's docket that "Home 123" and "New Century" are listed as representing themselves "pro se". Under the Bankruptcy law as corporation cannot appear Pro Se, further with few exceptions. Furthermore, New Century and Home 123 no longer exist, except as the New Century Liquidating Trust. I respectfully request this Court clarify this issue at the Hearing on April 19, 2010 to which I intend to appear.

## ADEQUATE PROTECTION

As these matters have dragged on and on, I have been unduly burdened, suffer undue stress, cannot provide adequate care for my family as a direct and proximate result of these bad faith acts of NCLT. My handicapped son has suffered the most, by not receiving the attention he so desperately needs to become a reasonably productive and self-sufficient American citizen. I respectfully request this Court require NCLT provide evidence – or other ADEQUATE PROTECTION that can be verified that the Reserve Fund for these matters are in fact established and funded. As it is clear from the NCLT motion, NCLT is not planning to act in good faith for even 5 (five) claims, out of the thousands who are now homeless as a result of the bad faith acts of NCLT. As more and more main street Americans learn of the fraud, bad faith acts, forgeries, fraudulent transfers, invalid recordings, wrongful foreclosures etc. as a result of the criminal acts by NCLT the flood gates will open and justice will eventually prevail for the targeted victim homeowners. By targeted, I mean by sophisticated data mining techniques in information technology. In my opinion it does appear that the easiest data layers mined by NCLT were for people who were minority, disabled, single women and the elderly. At some point, some small semblance of justice must prevail. I sincerely hope justice will prevail in this Court,

DATED: April 9, 2010

_____
Plaintiff Leslie Marks in Pro Per

-5-
DECLARATION OF LESLIE MARKS RE MOTION OF NCLT TO
ESTABLISH RESERVE FUND FOR CERTAIN DISPUTED CLAIMS