UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC,:** | | |
| *et al.* | : | Case No. 07-10416 (KJC) |
| Debtors | : | |

| | | |
|---|---|---|
| | : | |
| **LESLIE MARKS,** | : | Adv. Pro. No. 09-50244 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC,:** | | |
| *et al.* | : | Re: docket no. 97, 103 |
| | : | |
| Defendants | : | |

## MEMORANDUM ON RECONSIDERATION [1]

BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

By Memorandum and Order dated May 10, 2011 (the "May 10, 2011 Decision") (docket nos. 94 and 95), the Court denied the Plaintiff's Request for Stay of Dismissal and Status Conference (the "Request to Stay Dismissal")(docket no. 53) and the Plaintiff's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction (the "TRO Request")(docket no. 56). Currently before the Court is the Plaintiff's Motion for Reconsideration of the May 10, 2011 Order and Request for Clarification of the 2008 Blanket

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(B).

Order for Relief from Stay (docket no. 97) (the "Motion for Reconsideration").[2]  The New

Century Liquidating Trust (the "Trust"), by and through Alan M. Jacobs, the Liquidating Trustee

(the "Trustee") opposes the Motion for Reconsideration (docket no. 98).

Background [3]

On August 23, 2010, the Trustee and the Plaintiff entered into a Settlement Agreement to

resolve this adversary proceeding.  Under the Settlement Agreement, the Trustee agreed to pay a

Settlement Sum of $80,000 "in full and final satisfaction of the Causes of Action and any other

claim(s) that [Plaintiff] may have against the Debtors or the Trust."  The Plaintiff acknowledged

that the Settlement Sum was paid to her. On September 2, 2010, the Plaintiff filed a notice of

dismissal for this adversary proceeding.

On October 19, 2010, the Plaintiff filed the Request to Stay Dismissal, arguing that

dismissal of the adversary proceeding should be stayed because the Trustee violated the

Settlement Agreement.  On November 1, 2010, the Plaintiff filed the TRO Request to prevent

parties, their agents, and others from taking any actions related to the "wrongful foreclosure" of

her real property.  The Trustee filed objections to both the Request to Stay Dismissal and the

TRO Request.  After an evidentiary hearing on February 24, 2011, the Court issued the May 10,

2011 Decision denying the Plaintiff's Request to Stay Dismissal and the TRO Request.

For the reasons set forth below, the Plaintiff's Motion for Reconsideration is denied.

---

[2]Marks also filed a Supplemental Motion to Reconsider the May 10, 2011 Decision (docket no. 103), which is considered herein.

[3]The Background of this matter is set forth more fully in *Marks v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.),* Adv. No. 09-50244, 2011 WL 1811050 (Bankr.D.Del. May 10, 2011). Capitalized terms not defined in this Memorandum shall have the meaning set forth in the May 10, 2011 Decision.

2

## Legal Standard

Federal Rule of Bankruptcy Procedure 9023, which incorporates Fed.R.Civ.P. 59,

governs motions for reconsideration. Fed.R.Civ.P. 59(e). A motion to alter or amend a judgment

under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct clear error of law or prevent manifest

injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A decision

should be reconsidered when facts that would alter or impact the decision have been overlooked

or misapprehended. *Official Comm. of Unsecured Creditors v. Catholic Diocese of Wilmington,*

*Inc. (In re Catholic Diocese of Wilmington, Inc.)*, 437 B.R. 488, 490 (Bankr. D. Del. 2010) citing

*Karr v. Castle,* 768 F.Supp. 1087, 1093 (D.Del. 1991) aff'd 22 F.3d 303 (3d Cir. 1994). A

motion for reconsideration should not be used to reargue the facts or applicable law. *Catholic*

*Diocese*, 437 B.R. at 490; *see also Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994)

("Parties are not free to relitigate issues that the Court has already decided, nor should parties

make additional arguments which should have been made before judgment"). "Motions for

reconsideration should be granted sparingly because of the interests in finality and conservation

of scarce judicial resources." *Pennsylvania Ins. Guaranty Ass'n v. Trabosh*, 812 F.Supp. 522,

524 (E.D. Pa. 1992).

The Plaintiff argues that this Court should reconsider the May 10, 2011 Decision to

prevent manifest injustice.

## Discussion

The Plaintiff, who has represented herself throughout this proceeding, seeks

reconsideration of the May 10, 2011 Decision because (i) the TRO Request was deemed moot

3

and not considered at the evidentiary hearing, (ii) her claims were "misrepresented" and not

adjudicated in the May 10, 2011 Decision, and (iii) the Court's decision is not supported by the

evidence presented by the Trustee.    The Trustee responds by arguing that the Plaintiff has not

demonstrated a valid basis for reconsideration of the May 10, 2011 Decision, but merely restates

alleged facts and arguments previously presented at the evidentiary hearing on February 24, 2011

and in various pleadings.

In the May 10, 2011 Decision, I determined that this Court lacked jurisdiction to issue a

temporary restraining order or preliminary injunction against non-debtor parties regarding loans

in which the Debtors had no interest as of the commencement of the bankruptcy case. *Marks*,

2011 WL 1811050 at *4 - *5.  In the Motion for Reconsideration, the Plaintiff argues:

> Even though Marks serviced [*sic*] all parties, including the California parties
> regarding the fraudulent foreclosure sale, this Court failed to protect Marks and
> her family from further litigation in the form of a Temporary Restraining Order, as
> to the Home 123 Mortgage to which this Court has sole jurisdiction.  As a result,
> Marks had to commence with ADDITIONAL litigation in California with parties
> who purchased her property with a "handwritten" receipt; references to a loan to
> which Marks has NO obligation; references a loan which is NOT related to
> Marks' Deed of Trust; references a loan to which Marks has NO obligation, based
> upon fraudulent assignments and substitution of trustee among many bold and
> glaring defects.

(Motion for Reconsideration, at 3).  The Plaintiff again asks this Court to enjoin state court

eviction proceedings between the Plaintiff and non-Debtor third parties, based on the Plaintiff's

assertion that her loan was not transferred properly by the Debtors to any third parties. These are

the same arguments which the Plaintiff asserted previously.[4]

---

[4]If a final judgment has been entered in the state court foreclosure proceedings, the *Rooker-Feldman* doctrine prevents this Court from determining that a state court judgment was erroneously entered or taking action to render a state court judgment ineffectual. *See Edwards v. New Century Mortgage Corp. (In re New Century TRS Holdings, Inc.)*, 423 B.R. 467, 472 (Bankr.D.Del. 2010) citing

There is no basis for reconsidering my decision to deny the TRO Request. The Plaintiff

has not provided any new evidence and has not pointed to any evidence that this Court

overlooked to show that the outcome of the state court action, which she seeks to enjoin, will

have any impact on the administration or handling of the Debtors' bankruptcy estate. *See Pacor,*

*Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)[5] ("The usual articulation of the test for

determining whether a civil proceeding is related to bankruptcy is whether the outcome of that

proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . .

An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities,

options, or freedom of action (either positively or negatively) and which in any way impacts upon

the handling and administration of the bankrupt estate."). *See also In re Resorts Int'l, Inc.*, 372

F.3d 154, 168-69 (3d Cir. 2004)(Post-confirmation, a bankruptcy court's jurisdiction is limited to

matters in which "there is a close nexus to the bankruptcy plan or a proceeding, as when a matter

affects the interpretation, implementation, consummation, execution, or administration of a

confirmed plan or incorporated litigation trust agreement).

Moreover, the Plaintiff seeks reconsideration of the May 10, 2011 Decision on the

grounds that her claims were not adjudicated and that the Court's decision was not supported by

the evidence.  The Plaintiff reasserts the allegations and arguments that she raised previously in

her Request for Stay of Dismissal.  After consideration of the evidence presented at the hearing

---

*Madera v. Ameriquest Mortg. Co. (In re Madera)*, 586 F.3d 228, 232 (3d Cir. 2009).

[5]While *Pacor* was overruled on other grounds by *Things Remembered, Inc. v. Petrar*, 516 U.S. 124, 134-35 (1995)(Stevens, J. concurring), the *Pacor* test for "related to" jurisdiction was discussed favorably by the U.S. Supreme Court in *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995), and in footnote 6 of *Celotex*, the Supreme Court noted that - - as of that time - - eight other circuit courts had adopted the *Pacor* test with little or no variation.

on February 24, 2011, I determined that the Trustee did not violate the terms of the parties'

settlement agreement.   Here, the Plaintiff continues to argue that the Trustee breached the

settlement agreement by failing to deem the 2006 Mortgage "satisfied" or "paid in full," and by

failing to provide the Plaintiff with her original mortgage stamped "paid in full" and issuing a

new note naming a new beneficiary.  (Motion for Reconsideration, at 4).  The parties' settlement

agreement dated August 23, 2011 (Trustee Ex. 7) does not include or suggest that the Trustee had

any obligation to do so.  The record at the February 24, 2011 hearing does not include any

evidence that the Trustee promised to do so.  In her Motion for Reconsideration, the Plaintiff

does not identify any facts which the Court overlooked or misapprehended in reaching its

conclusions.

 The Plaintiff also asserts that the Debtors are engaged in bankruptcy fraud and have used

the bankruptcy process to conceal assets.  The release in the Settlement Agreement released the

Debtors and the Trust from the Plaintiff's fraud and other claims and, therefore, the Plaintiff

cannot continue to pursue them.[6]

 In further support of her Motion for Reconsideration, the Plaintiff asserts that she

uncovered new evidence after the February 24, 2011 hearing in the form of the Order dated

September 4, 2008 entitled "Amended Order Terminating The Automatic Stay Under Section

362(a) Of The Bankruptcy Code To Permit The Commencement Or Continuation Of Any Act To

Exercise Any Rights And Remedies Upon Interests In Real Property." (main case docket no.

8892) (the "Global Relief Order").  She asserts that the Global Relief Order caused her to suffer

---

[6]While the record before me is insufficient to require any report under 18 U.S.C. §3057,  the
Plaintiff may report allegations of suspected bankruptcy fraud to the United States Attorney in
accordance with established procedures. *See*  http: //www.justice.gov/ust/eo/fraud/index.htm

manifest injustice by allowing banks to file foreclosure actions while denying homeowners due

process. (Motion for Reconsideration, at 6). The Court entered the Global Relief Order to

address the surfeit of lift stay motions being filed in the main chapter 11 cases and to relieve the

estate from incurring unnecessary costs in connection with such motions. The Global Relief

Order terminated the automatic stay to permit lenders to add the Debtors or the Trust as

defendants in non-bankruptcy court actions seeking to adjudicate the Debtors' or Trust's interest

in real property, usually in foreclosure proceedings. The Global Relief Order does not deny any

third parties' due process rights, but allows actions to be heard in a non-bankruptcy forum. The

Global Relief Order was not designed to allow and does not permit parties, like the Plaintiff here,

to pursue claims against the Debtors or the Trust for monetary damages . (Global Relief Order,

¶2). As clarified in an order dated May 25, 2011:

> The Global Relief Stay Order was not intended to, nor does it, grant any party
> relief from the automatic stay under section 362(a) of the Bankruptcy Code or the
> provisions of the Modified Confirmation Order to proceed with direct actions
> against any of the Debtors, the Trust or the Liquidating Trustee; the Global Relief
> Stay Order was entered solely to provide a mechanism for parties to name the
> Debtors nominally so as to commence foreclosure proceedings or otherwise clear
> title to real property.

(May 25, 2011 Order, ¶4, main case docket no. 10491).[7] The Global Relief Order does

not provide any basis for reconsideration of the Court's findings or conclusions in the

---

[7]In a recent decision, the United States District Court in Hawaii decided that the Global Relief
Order did not prevent a plaintiff from serving New Century Mortgage Corporation ("NCMC") with a
complaint or otherwise pursuing claims against NCMC. *Uy v. Wells Fargo Bank, N.A.*, Civ. No. 10-
00204, 2011 WL 1235590 at *1, n.2 (D.Haw. March 28, 2011). This decision has caused some
confusion, since the complaint at issue in that case includes claims for monetary damages. The Global
Relief Order did not terminate the automatic stay to permit claims for monetary damages against the
Debtors or the Trust, but was designed to allow plaintiffs to add the Debtors or the Trust as defendants to
complaints seeking to determine the Debtors' or Trust's interest in particular real property.

May 10, 2011 Decision.

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is denied.

An appropriate Order follows.


BY THE COURT:


_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated:   December 7, 2011